## MARSHALL v. WORLD FIRE & MARINE INS. CO. OF NEW YORK.

### No. 10866.

Circuit Court of Appeals, Ninth Circuit.
June 18, 1945.

Elbert E. Hensley, of Los Angeles, Cal., for appellant.

Spray, Davis & Gould, of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant delivered a valuable finger ring to one Flato, a Los Angeles jeweler, for the purpose of its sale through Flato. While in his possession as bailee, the Flato store was robbed and the ring was stolen. Flato had previously purchased from appellee a policy of insurance of a type known as a Jewelers' Block Policy and this policy was in effect on the day of the theft of the ring. It had been issued and delivered in New York State and the lower court found that its terms and conditions were to be performed in New York State and that it had been issued, delivered to and paid for therein by a resident and citizen of that State (Flato) and the contract of insurance should be interpreted according to the laws of that State. The court also found that appellant was a citizen of the State of California and appellee a citizen of the State of Connecticut. The amount in controversy (the value of the ring) was $25,000. The record sustains these findings.

Appellant held a policy of insurance from another insurance company, insuring her ring against loss in the sum of $20,000 and said policy was in force and effect when her ring was stolen from Flato. This policy covered appellant's ring wherever it was located and did not limit or specify the location or "situs" at which the ring was to be kept by appellant. She filed proof of loss with this company. It denied liability but loaned appellant $20,000 on her agreement to sue "any person or persons," etc., she considered liable to her for loss of the ring.

Appellant sued in the lower court, for the full sum of $25,000, naming as defendants Flato and his business associates, along with appellee as insurer of Flato under the said Jewelers' Block Policy, alleging in her complaint that the said policy inured to her benefit and protection; and that she had previously demanded this sum from all of said defendants in suit, and payment had been refused. (The demand on Flato was for the return of the ring or its value in cash.)

While denying any liability whatever to appellant under the said Flato policy, appellee contends that the policy of insurance issued by appellee in favor of Flato is, as to appellant, even under liberal construction, limited to "excess insurance", and it cannot lawfully become effective as a protection for her in any degree until she had collected from the other insurance company which had issued a policy directly to her covering loss of the ring, the amount due her on this loss under that policy. In that event, and in that event only could there be any possible liability of appellee to appellant under the Flato policy and such liability would then be limited to the amount of the difference between the amount of insurance in appellant's policy ($20,000) and the value of the ring ($25,-000).

Under the protection and/or coverage of the said Flato policy issued by appellee, certain claims of various persons were paid by appellee as a result of losses sustained by them in the theft of their property in the said robbery of the Flato jewelry store. The payment of these loss claims by appellee is acknowledged in a stipulation in the record and the court found such to be a fact. The trial court was evidently of the view that appellee, having accepted such claims of loss from these persons, and paid them, thereby recognized its liability for loss of property entrusted to Flato and that its policy of insurance covering Flato inured to their benefit.

The lower court was satisfied that appellant was entitled to recover from appellee only the sum of $5,000, this being the amount in excess of the insurance on her ring then carried by her in another company. The court expressed the view that the controversy was in reality a dispute between two insurance companies to determine which should bear the loss of a ring which it found to be worth $25,000 and also found that the Flato-World Fire and Marine Insurance policy provides that it shall be "excess insurance" covering *only* such portion of appellant's loss as exceeds the limits of appellant's policy in the other company.

The policy issued by appellee to Flato contained a clause reading as follows: "Clause 6. It is understood and agreed that any insurance granted herein shall not cover (excepting as to the legal liability of the Assured), when there is any other insurance which would attach if this Policy had not been issued, whether such insurance be in the name of the Assured or of

any third party. It is, however, understood and agreed, that if under the terms of such other insurance (in the absence of this Policy) the liability would be for a less amount than would have been recoverable under this Policy (in the absence of such other Policy) then this Policy attaches on the difference. Warranted that this insurance shall not inure directly or indirectly to the benefit of any carrier or other bailee."

The policy also contained another provision which reads:

"The property insured is as follows:

"Property as above described, delivered or entrusted to the Assured, belonging to others who are not dealers in such property or not otherwise engaged in the jewelry trade." (The term "property as above described" includes a finger ring under the description of jewelry noted in the policy.)

Appellee in its brief argues that this "clause [6] in appellee's policy simply states in effect that appellee's policy shall not *cover when there is any other insurance which would attach if this policy had not been issued* unless there is legal liability on the part of the assured in relation to the transaction involved." (Emphasis supplied.)

The trial court found that when appellant took her ring to the Flato store, an agent of Flato did then agree with appellant that Flato "was fully covered with insurance for said ring entrusted to his care" and (would be) "responsible for the safekeeping and return of said finger ring to plaintiff" (appellant). Commenting on this aspect of the case appellee, in its brief says: "The court has held that the common law liability of Flato has been changed from liability only for negligence, by contract between Flato and appellant at the time of the original bailment herein. Thus we do have legal liability present on the part of Flato, appellee's assured; thus appellee's policy attaches."

Appellee stresses the fact that its policy limits the coverage afforded by it when there is other insurance and legal liability on the part of the assured, to excess insurance. (As in this case.) Emphasis is laid on the fact that clause 6 cited above says in effect that *when there is legal liability on*

*the part of the assured* and other insurance covering the same risk involved, that appellee's policy only attaches when the liability under the policy (the one held by appellant) would be for a less amount than would have been recoverable under appellee's policy.

The court found that appellee's policy to Flato provides that it shall be "excess insurance" and under it only such portion of appellant's loss as exceeds the limits of her ($20,000) policy in another insurance company may be recovered from appellee under its said policy. This "excess insurance" inuring to appellant's benefit was $5,000. The court entered judgment for appellant in this sum, with costs.

We have examined the cases cited and we agree with the trial court that the policy issued by appellee to Flato seemed to be phrased in a manner designed to avoid the holding in Automobile Insurance Co. v. Springfield Dyeing Co., 3 Cir., 109 F.2d 533. The trial court[1] correctly disposed of the issues of law and fact and the judgment is

Affirmed.

---

[1] The parties waived a jury trial. On motion of plaintiff (appellant) the complaint was dismissed as to all defendants named therein except appellee. The trial

court held that under the laws of New York the bailor could maintain an action against bailee's insurance carrier without joining the bailee as a party defendant.